# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Edwin O. Okongo, | Civil No. 08-6465 (DWF/JJG) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Minneapolis Police Department, | |
| Defendant. | |

---

Edwin O. Okongo, *Pro Se*.

Tracey N. Fussy, Assistant Minneapolis City Attorney, Minneapolis City Attorney's Office, counsel for Defendant.

---

This matter is before the Court on a Motion for Summary Judgment brought by Defendant Minneapolis Police Department (Doc. No. 17.) The Court scheduled oral argument on Defendant's Motion for April 30, 2010. Plaintiff did not file a response to the Motion, nor has Plaintiff had any contact with this Court—by telephone, appearance, or otherwise—since Defendant's motion was filed. For the reasons set forth below, the Court grants Defendant's Motion.

## BACKGROUND

This matter relates to Plaintiff's allegations that he was treated improperly during his arrest by a Minneapolis police officer on March 22, 2008. Plaintiff commenced this action in state court and Defendant removed the action to this Court on December 23,

2008. In his self-styled Complaint, Plaintiff alleges that at approximately 1:20 a.m. on March 22, 2008, Officer Chad Hofius, acting on behalf of the Minneapolis Police Department, responded to a dispute between Plaintiff, an acquaintance, and a cabdriver. (Compl. ¶ 1.) Plaintiff alleges that the officer pointed a taser gun at him and when Plaintiff threatened to file a complaint against the officer, Plaintiff was arrested. (*Id*. ¶ 2.) Plaintiff contends that the officer conducted an improper search and used unnecessary force by forcibly grabbing Plaintiff's testicles twice, tightening Plaintiff's handcuffs too tightly, and confining Plaintiff to the small space in the back of the officer's squad car for more than forty-five minutes. (*Id*. ¶¶ 3-4.) Plaintiff contends that he was treated differently from his white acquaintance who, according to Plaintiff, also challenged the officer's actions in handling the dispute with the cabdriver. (*Id*. ¶ 6.)

Plaintiff initially attended a Rule 26(f) meeting between the parties and a Rule 16 discovery conference in January 2009, but he has ceased participation in the case since then. In March 2009, Defendant sent a letter to Plaintiff regarding Plaintiff's Rule 26(a) disclosures coming due. Plaintiff did not respond to this letter or to Defendant's follow-up efforts. Nor did Plaintiff object to or answer Defendant's interrogatories or requests for production of May 2009. In November 2009, Plaintiff failed to attend a scheduled deposition. In that same month, Plaintiff failed to respond to Defendant's motion to compel brought before Magistrate Judge Jeanne J. Graham.

On December 15, 2009, Judge Graham entered an order granting Defendant's motion to compel. At that time, Judge Graham noted that "Plaintiff must provide his initial Rule 26(a) disclosures to Defendant, respond to the outstanding discovery requests,

and appear for his deposition by January 19, 2010. If Plaintiff fails to do so, the Court may recommend dismissal of his case." (Doc. No. 15 at 3.) Subsequently, Plaintiff was served notice for a deposition on December 29, 2009, but Plaintiff failed to attend. (Doc. No. 16.) Defendant filed this Motion for Summary Judgment on March 1, 2010. (Doc. No. 17.)

## DISCUSSION

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials but must set forth specific facts showing that

there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

In support of its Motion for Summary Judgment, Defendant first contends that Plaintiff's claims should be dismissed because the Minneapolis Police Department is not a legal entity subject to suit. Second, Defendant contends that summary judgment is appropriate because the Minneapolis Police Department cannot be held vicariously liable for its employees' allegedly unconstitutional acts, and because Plaintiff has not pleaded a *Monell* claim. Defendant asserts that even if Plaintiff asserts *Monell* liability, he has not identified a specific policy that is unconstitutional, and he has not set forth any evidence of a custom, policy, or practice that authorizes or tolerates unconstitutional conduct. In addition, Plaintiff asserts that Defendant has not set forth any evidence establishing that the Minneapolis Police Department has a history or pattern of unreasonably using force, unwarranted searches, or discrimination such that the need for additional training or supervision was plain and obvious to the City. Finally, Defendant asserts that Plaintiff's claims should be dismissed for failure to prosecute.

It is well-established that a governmental entity cannot be held liable under § 1983 on a respondeat superior theory. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Thus, a government body cannot be held liable under § 1983 merely because it employs a tortfeasor. *Id*. at 691-92. For a municipality to be liable under § 1983, a plaintiff must prove that a municipal policy or custom was the "moving force [behind] the constitutional violation." *Id*. at 694. An "[o]fficial policy involves a deliberate choice to follow a course of action . . . made from among various alternatives[ ] by an

official who is determined by state law to have the final authority to establish governmental policy." *Ware v. Jackson County, Mo.*, 150 F.3d 873, 880 (8th Cir. 1998) (quotations and brackets omitted). Alternatively, a custom "is demonstrated by: (1) [t]he existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) [d]eliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) [t]he plaintiff's injury by acts pursuant to the governmental entity's custom, i.e., proof that the custom was the moving force behind the constitutional violation." *Id.* (brackets omitted).

Here, Plaintiff has not set forth any evidence that the Minneapolis Police Department was the "moving force" behind the alleged constitutional violations. *Monell*, 436 U. S. at 694. He has not set forth any evidence of a pattern of unconstitutional conduct, deliberate indifference to such conduct, or a custom behind the alleged unconstitutional conduct. *Ware*, 150 F.3d at 880. Plaintiff has set forth no evidence to support his claims at all. As such, summary judgment is appropriate on Plaintiff's claims.[1]

Thus, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Summary Judgment (Doc. No. [17]) is **GRANTED**.

2. The Complaint (Doc. No. [1]) is **DISMISSED WITH PREJUDICE**.

---

[1] In the alternative, the Court also finds that dismissal is appropriate in light of Plaintiff's failure to prosecute his claims, pursuant to Fed. R. Civ. P. 41(b).

5

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 7, 2010	s/Donovan W. Frank
	DONOVAN W. FRANK
	United States District Judge